FRANCIS O'DANIEL,

*vs.*

LEONARD VANDEGRIFT.

*New Castle, Aug. T.* 1820.

The rule of court for the filing of a list of exhibits applies as well to records and documents which prove themselves as to papers proved by witnesses.

BILL IN EQUITY—EXHIBITS.—At the hearing of this cause, the complainant offered in evidence a guardian account, which had been passed by the defendant as the guardian of a certain Hester McMillen. The account had not been included in the list of exhibits, and its admission was objected to on that ground.

*McLane*, for the complainant.

According to the rule, the list of exhibits to be filed is required to include only such as are to be proved *by witnesses*. It mentions no record, nor any evidence which is proved by itself. The rule is designed merely to allow a party to prove at the bar what otherwise must be proved by a commission. It was made for the convenience of parties and to relieve them from the expense of a commission. The provision for notice to the party is in order that he may have opportunity to rebut the evidence. It is useless with respect to records, which prove themselves, and are evidence in all cases. This paper requires no notice; it is evidence of itself.

*Read*, on the same side.

The rule only requires exhibits of papers necessary to be proved at the hearing of the cause. Prior to the adoption of the rule, exhibits could not be proved at the bar without special order. The rule made such special order unnecessary. The notice is required only with a view to proof; and no list of exhibits need be filed except of such papers as are to be proved.

*Van Dyke*, for the defendant, in support of the objection.

The rule requires a list of exhibits of all papers, whether they prove themselves, or are to be proved by witnesses, or by the party himself. The paper offered in evidence goes back to the year 1804. We never expected this paper, and have had no notice of its production. We know not what we may have to resist. The inquiry may extend to all the transactions of this guardian and his ward ; such as we are not prepared to explain.

Ridgely, Chancellor.—This is a new point of practice.

This account, and other papers which may be records of a court, and which are proved by themselves, come as much within the meaning of the rule requiring a list of exhibits to be filed six days before the term, as papers to be proved by witnesses. The former part of the rule refers to such papers as must be proved by witnesses; the latter part, to all papers which are exhibits in the cause. This account has not been included in any list of exhibits, nor annexed to the bill or answer, and no notice has been given of it in any shape. According to the rule, it cannot now be read. It is therefore rejected.

*Note.*—The rule in question, then in force, was as follows :—

RULE 9. "That the parties at the hearing of each cause be at liberty to "make and prove exhibits of deeds, receipts and other instruments "of writing by the instrumentary witnesses, or proof of handwriting; and "also books of accounts, by the oath of the party, his personal represent- "ative or other person : and that a list of the exhibits be filed with the "register at least six days before the term at which the cause may be "ruled for hearing.